Filed Under Seal
File Date: February 14, 2024
Case Number: 24-cr-00067
Judge Kiyo A. Matsumoto
Magistrate Judge Vera M. Scanlon

ALK:IC/LAB
F. #2022R00625

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

DAWOOD KASSIM, also known as
   "Badr al din Kassim,"
DIA ALQALISI, also known as
   "Diaaldeen Alqalisi,"

███████████████████████
███████████████,

          Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. _____
(T. 7, U.S.C., §§ 2024(b) and 2024(f); T.
18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(a)(2)(B), 982(b)(1), 1028A(a)(1),
1028A(b), 1028A(c)(4), 1029(a)(1),
1029(c)(1)(A)(i), 1029(c)(1)(C),
1029(c)(2), 1957(a), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28., U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## COUNT ONE
(Supplemental Nutrition Assistance Program Fraud)

1.    In or about and between April 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants DAWOOD KASSIM, also known as "Badr al din Kassim," DIA ALQALISI, also known as "Diaaldeen Alqalisi," ████████████████████████████████████████, together with others, did knowingly and intentionally use, transfer, acquire, alter and possess Supplemental Nutrition Assistance Program benefits of a value of $5,000 or more, in a manner contrary to Title 7, United States Code, Chapter 51 and the regulations issued pursuant thereto.

(Title 7, United States Code, Section 2024(b); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWO
(Access Device Fraud)

2. In or about November 2022, within the Eastern District of New York and elsewhere, the defendants DAWOOD KASSIM, also known as "Badr al din Kassim," ███ ████████████, together with others, did knowingly and with intent to defraud use one or more counterfeit access devices, to wit: Electronic Benefit Transfer ("EBT") cards and corresponding personal identification numbers.

(Title 18, United States Code, Sections 1029(a)(1), 1029(c)(1)(A)(i), 2 and 3551 et seq.)

███████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████
████████████████████████████████████████████
██████████████
████████████████████████████████████████████
█████████

COUNT FOUR
(Unlawful Monetary Transactions)

4. In or about and between April 2022 and December 2022, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant DAWOOD KASSIM, also known as "Badr al din Kassim," together with others, did knowingly

and intentionally engage in one or more monetary transactions in and affecting interstate commerce in criminally derived property of a value greater than $10,000 that was derived from a specified unlawful activity, to wit: supplemental nutrition assistance program benefits fraud, in violation of Title 7, United States Code, Section 2024(b).

(Title 18, United States Code, Sections 1957(a) and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION AS TO COUNT ONE

5. The United States hereby gives notice to the defendants that, upon their conviction of the offense charged in Count One, the government will seek forfeiture in accordance with Title 7, United States Code, Section 2024(f), Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any property, real and personal, used in a transaction or attempted transaction to commit, or to facilitate the commission of such offense, or proceeds traceable to such offense, including, but not limited to the following assets, all seized by law enforcement on or about December 14, 2022 in Brooklyn, New York:

    (a)    one Pax A920 Pro;

    (b)    one Dejavoo Z8, Vega3000;

    (c)    one Dejavoo Z11, Vega3000;

    (d)    one Dejavoo Z8, Vega3000;

    (e)    one Verifone; and

    (f)    $10,950.00 in United States currency.

6. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

4

  (b) has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 7, United States Code, Section 2024(f); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION AS TO COUNT TWO

  7. The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 982(a)(2)(B), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 1029(c)(1)(C), which requires any person convicted of such offense to forfeit any personal property used or intended to be used to commit the offense including, but not limited to the following assets, all seized by law enforcement on or about December 14, 2022 in Brooklyn, New York:

  (a) one Pax A920 Pro;

  (b) one Dejavoo Z8, Vega3000;

5

   (c) one Dejavoo Z11, Vega3000;

   (d) one Dejavoo Z8, Vega3000;

   (e) one Verifone; and

   (f) $10,950.00 in United States currency.

 8. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

 (Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION<br>AS TO COUNT FOUR

 9. The United States hereby gives notice to the defendant charged in Count Four that, upon his conviction of such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property

6

traceable to such property, including, but not limited to the following assets, all seized by law enforcement on or about December 14, 2022 in Brooklyn New York:

    (a)    one Pax A920 Pro;

    (b)    one Dejavoo Z8, Vega3000;

    (c)    one Dejavoo Z11, Vega3000;

    (d)    one Dejavoo Z8, Vega3000;

    (e)    one Verifone; and

    (f)    $10,950.00 in United States currency.

10.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

7

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
———————————————
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2022R00625
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

DAWOOD KASSIM, also known as "Badr al din Kassim," DIA ALQALISI, also known as "Diaaldeen Alqalisi,"

Defendants.

## INDICTMENT

(T. 7, U.S.C., §§ 2024(b) and 2024(f); T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1), 982(a)(2)(B), 982(b)(1), 1028A(a)(1), 1028A(b), 1028A(c)(4), 1029(a)(1), 1029(c)(1)(A)(i), 1029(c)(1)(C), 1029(c)(2), 1957(a), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28., U.S.C., § 2461(c))

*A true bill.*

_____
  *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
  *Clerk*

*Bail, $* _____

*Irisa Chen, Assistant U.S. Attorney (718) 254-6124*