LAB/IC
F. #2022R00625

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

DAWOOD KASSIM, also known as
"Badr al din Kassim,"

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PROPOSED STIPULATION &
PROTECTIVE ORDER

24-CR-67 (KAM)

So Ordered.

9/10/2025

IT IS HEREBY STIPULATED AND AGREED by and between the above-captioned parties, through the undersigned counsel, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

    1.    Any and all discovery material designated by the government as "sensitive discovery material"[1] and produced to the defendant by the government in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material, shall not be further disseminated by the defendant or defense counsel to any individuals, organizations or other entities, other than members of the legal staff of defense counsel, who shall be bound by the entirety of this Stipulation and Order, without further order of the Court;

    2.    Each of the individuals to whom disclosure is authorized in paragraph

---

[1] Sensitive discovery material is discovery material that contains personal identifying information of individuals other than the defendants and their co-conspirators, including information relating to the account numbers, telephone numbers, addresses, dates of birth and other sensitive material relating to those other individuals.

1

1, that is, members of the legal staff of defense counsel, shall be provided a copy of this Stipulation and Order and will be advised that he or she shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Stipulation and Order;

3. The defendant may review the sensitive discovery material only in the presence of defense counsel or defense counsel's legal staff. The defendant is prohibited from having possession, custody, or control of the sensitive discovery material, except to the extent necessary for the defendant to review the sensitive discovery material in the presence of defense counsel or defense counsel's staff. Defense counsel may review the sensitive discovery material with a defendant, but may not permit the defendant to retain such materials, or copies thereof;

4. The sensitive discovery material can be used by the defendant and defense counsel only for purposes of plea negotiations, trial preparation, defense at trial against the charges set forth in the above-captioned matter, and any related appellate matters arising from any trial on these charges.

5. Any documents, material, or information may be designated sensitive discovery material only upon a good-faith belief by the government that such materials contain: personal identifying information of individuals other than the defendant and his co-conspirators, including information relating to the account numbers, telephone numbers, addresses, dates of birth and other sensitive material relating to those other individuals. If the government and the defendant or defense counsel do not agree that certain material should be designated as sensitive discovery material, the defendant or defense counsel may provide

notice to the government and a reasoned explanation regarding why the defendant or defense counsel does not believe the materials require treatment as sensitive discovery material. To the extent the parties do not agree, the government may make an application to the Court and seek to establish good cause regarding why the material should be treated as sensitive discovery material. The defendant or defense counsel shall treat the material as sensitive discovery material pending any determination by the Court.

6. Where the defendant and/or defense counsel wishes to disclose any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material to any individual to whom disclosure is not authorized by paragraph 1, defense counsel must provide advance notice to the government. Such notice must identify the item that defense counsel wishes to disclose, but need not identify the individual to whom defense counsel wishes to show the item. If the government does not agree that the item of sensitive discovery material may be shown to an individual, it will notify defense counsel in writing within five business days of receiving the notice. In this event, defense counsel may file an application to the Court for authorization to make such disclosure. Such application may be filed ex parte. However, notice of the application, which identifies the item of sensitive discovery material that the defense wishes to disclose, must be provided to the government so that the government may respond to the Court regarding the propriety of such disclosure and such notice must be given sufficiently in advance of the contemplated application so as to permit briefing and argument on the propriety of such disclosure;

7. At the earlier of the conclusion of any trial of a defendant and any direct appeal in this matter, or when defense counsel ceases to represent the defendant, the

sensitive discovery material shall be either returned to the government or destroyed.

        8.    This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:        Brooklyn, New York
                 September 8, 2025

                                             JOSEPH NOCELLA, JR.
                                             United States Attorney
                                             Eastern District of New York

_____        By:  _____
David M. Eskew, Esq.                        Lauren A. Bowman
Attorney for DAWOOD KASSIM        Irisa Chen
                                             Assistant U.S. Attorneys

SO ORDERED
this __9th__ day of __September, 2025__

_____
THE HONORABLE KIYO A. MATSUMOTO
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK